■ LIBERTY NATIONAL BANK, Respondent, v KENNETH GROSS, Appellant. [607 NYS2d 419] —In an action to enforce a guarantee of payment, commenced by summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Fredman, J.), entered September 6, 1991, which is in favor of the plaintiff and against him in the principal sum of $200,416.85, and (2) a judgment of the same court dated February 10, 1992, which, *inter alia,* awards attorney's fees in favor of the plaintiff and against him in the principal sum of $14,000.

Ordered that the judgments are affirmed, with one bill of costs.

The pertinent facts are not in dispute. The appellant, Kenneth Gross, a resident of New York, was a general partner of Russell Associates, a partnership formed under the laws of Connecticut. The partnership executed a promissory note dated April 28, 1989, payable to the plaintiff, Liberty National Bank (hereinafter the Bank). Pursuant to the terms of the note, the principal sum of $200,000 was due on or before January 1, 1990. The Bank subsequently agreed to extend the maturity date of the note on condition that the appellant personally guarantee payment of the indebtedness. A written agreement between the Bank and the partnership modifying

the terms of the original promissory note was executed on August 27, 1990. The precise date that the subject guarantee was executed is unclear on this record. However, it is clear that the subject guarantee was executed by the appellant some time between August 27, 1990, and September 6, 1990. After the partnership defaulted on the note, the Bank commenced the instant action to enforce the personal guarantee made by the appellant.

In opposition to the Bank's motion for summary judgment in lieu of complaint, the appellant contended that there was a genuine issue of fact as to whether the guarantee was supported by valid consideration under Connecticut law because it was executed after the modification agreement. The Supreme Court granted the plaintiff's motion for summary judgment, finding, *inter alia,* that the guarantee was supported by valid consideration under either Connecticut or New York law. We affirm.

Without deciding the question of which State's law should apply, we conclude that the subject guarantee was supported by valid consideration and was therefore enforceable in favor of the Bank. It is clear that the guarantee was given in order to induce the Bank to agree to a modification of the terms of the original promissory note. Although the two documents may not have been executed on the same date, they were clearly part of the same transaction, and there was no need for new or additional consideration to make the guarantee valid and enforceable under either New York or Connecticut law *(see,* General Obligations Law § 5-1105; *see also, Kelly v Gelinas,* 1993 Conn Super LEXIS 2555, 1993 WL 407900 [Super Ct, Conn, Oct. 7, 1993, Hennessy, J., No. CV 91-0393244]). Under the circumstances, the appellant failed to raise a triable issue of fact and the court properly granted summary judgment in favor of the Bank.

We find no merit to the appellant's remaining contentions.

Finally, we decline to impose sanctions against the appellant. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.