■ GALE BURKE, Appellant, v NORTH FORK BANK & TRUST Co., Respondent. (And a Third-Party Action.) [644 NYS2d 293]

The plaintiff executed a personal guaranty to guarantee a $50,000 loan taken by Robert E. Burke, Jr., the third-party defendant. She does not dispute the authenticity of her signature on the guaranty. The guaranty was secured by the plaintiff's certificates of deposit on deposit with the defendant. When the third-party defendant defaulted on the loan, the defendant set off the outstanding balance, $49,743.47, against one of the plaintiff's certificates of deposit.

Contrary to the plaintiff's contention, even if the guaranty were supported by past consideration, under General Obligations Law § 5-1105 such consideration is valid if expressed in a writing. The plaintiff cannot dispute the existence of such a writing. Nor would the fact that the guaranty was executed a few days after the loan documents were executed impair its enforceability *(see, Liberty Natl. Bank v Gross,* 201 AD2d 467). The plaintiff's conclusory allegations of fraud by the defendant in obtaining her signature are insufficient to raise triable issues of fact *(see, European Am. Bank v Syosset Autorama,* 204 AD2d 266). The plaintiff's remaining contentions are not properly before this Court. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.