■ United States of America, Respondent, v Donald G. Quaintance et al., Appellants, et al., Defendants. [665 NYS2d 191] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defendants for summary judgment and granted plaintiff's cross motion for summary judgment in this mortgage foreclosure action. Plaintiff submitted proof in admissible form establishing as a matter of law that the defenses based upon the Statute of Limitations and lack of consideration have no merit, and defendants failed to raise a triable issue of fact (*see*, CPLR 3212 [b]).

The mortgage on defendants' residence was given to Lafayette Bank and Trust Company (Lafayette) to secure a loan made to Sealand Industrial Services, Inc. (Sealand), and guaranteed by the Small Business Administration (SBA). The loan was made on November 12, 1980, and the mortgage was executed and delivered on September 23, 1981. Sealand failed to make the required monthly installment payments to repay the loan and, on February 3, 1988, Lafayette assigned the mortgage to SBA. Plaintiff commenced the instant action on December 13, 1995.

Plaintiff is not subject to the six-year Statute of Limitations provided in CPLR 213 (4) for mortgage foreclosure actions (*see, Cracco v Cox*, 66 AD2d 447, 450; *Westnau Land Corp. v United States Small Bus. Admin.*, 785 F Supp 41, 43, *affd* 1 F3d 112), and the action is time-barred only if the Statute of Limitations had run against Lafayette when the assignment was made (*see, United States v Thornburg*, 82 F3d 886, 890). The court properly determined that separate causes of action accrued on

the indebtedness secured by the mortgage as each installment became due (see, Utica Mut. Ins. Co. v Knox, 71 AD2d 763; see also, Phoenix Acquisitions Corp. v Campcore, Inc., 81 NY2d 138, 141) and that the Statute of Limitations therefore had not run with respect to any installments due and payable after February 3, 1982.

The court also properly determined that the mortgage was supported by valid consideration pursuant to General Obligations Law § 5-1105. Although Sealand's promissory note and defendants' mortgage "may not have been executed on the same date, they were clearly part of the same transaction, and there was no need for new or additional consideration to make the [mortgage] valid and enforceable" (Liberty Natl. Bank v Gross, 201 AD2d 467, 468). Further, the execution of the mortgage by defendant Rebecca A. Quaintance was supported by sufficient consideration because it benefitted the business of her husband, defendant Donald G. Quaintance (see, Kawai Am. Corp. v Hilton, 205 AD2d 1021, 1022, lv dismissed 87 NY2d 968). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.