■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. JOSEPH P. CATUZZI, JR., Admitted in 1960, at a term of the Appellate Division, Second Department. [671 NYS2d 968] —Motion granted, and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective immediately. No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ. [*See,* 230 AD2d 366.]

■

(March 10, 1998)

■ JENNY TEITELBAUM, Respondent, v ABRAHAM M. MORDOWITZ, Appellant, et al., Defendant. [669 NYS2d 811] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 15, 1996, insofar as appealed from, awarding plaintiff damages as against defendant-appellant after granting her motion for summary judgment, unanimously affirmed, with costs.

The three writings on which plaintiff relies clearly constitute a continuing obligation by defendant personally to guarantee repayment of plaintiff's $220,000 loan given to certain real estate projects with which defendant was associated. All three writings recite the same $220,000 loan, and do not lack consideration simply because they were not executed contemporaneously with the loan. Consideration for a guarantee can be past or executed, where, as here, the guarantee recites in writing that it is being given in exchange for a loan and there is no question that the proceeds of the loan were received (General Obligations Law § 5-1105; *Liberty Natl. Bank v Gross*, 201 AD2d 467; *North Fork Bank & Trust Co. v Jay-Ann Assocs.*, 192 AD2d 590, *lv dismissed* 82 NY2d 705). Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.