■ MICHELIN MANAGEMENT COMPANY, INC., et al., Respondents, v CHRISTIAN MAYAUD, Appellant. [762 NYS2d 108] —In an action to enforce a guaranty, the defendant appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated May 7, 2002, which, upon an order of the same court dated April 17, 2002, granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against him in the principal sum of $186,174.86.

Ordered that the judgment is affirmed, with costs.

The defendant executed a guaranty in favor of the plaintiffs' predecessor-in-interest, the owner of certain premises, approximately one month after the owner entered into a lease for the premises with a company of which the defendant was a

corporate officer. After the tenant failed to pay rent due under the lease, the plaintiffs obtained a judgment in their favor in the Mount Pleasant Justice Court. They subsequently commenced this action against the defendant, seeking a judgment in the amount owed them by the tenant, and moved for summary judgment. The Supreme Court granted their motion, and we affirm.

Contrary to the defendant's contentions, the guaranty was supported by valid consideration. Both the lease and the guaranty explicitly provided that the guaranty was issued in order to induce the plaintiffs' predecessor-in-interest to enter into the lease with the tenant. Although the two documents were not executed on the same date, they were part of the same transaction, and there was no need for new or additional consideration to make the guaranty valid and enforceable (*see* General Obligations Law § 5-1105; *Teitelbaum v Mordowitz*, 248 AD2d 161 [1998]; *United States of Am. v Quaintance*, 244 AD2d 915, 916 [1997]; *Burke v North Fork Bank & Trust Co.*, 228 AD2d 461 [1996]; *Bellevue Bldrs. Supply v Audubon Quality Homes*, 213 AD2d 824, 825-826 [1995]; *Liberty Natl. Bank v Gross*, 201 AD2d 467, 468 [1994]). Accordingly, the Supreme Court properly granted summary judgment in favor of the plaintiffs.

The defendant's remaining contentions are without merit. Friedmann, J.P., Luciano, Townes and Crane, JJ., concur.