OPINION OF THE COURT
Dennis F. Bender, J.
This matter is on for various forms of relief, including sum *261 mary judgment on the issue of liability in a foreclosure action. The plaintiff is the assignee of a collateral security mortgage from the National Bank of Geneva, that was given by defendants Mark and Maureen Tompkins. The Tompkins, who were then married, gave the mortgage to secure repayment of consolidated business loans to a corporation owned in part by Mr. Tompkins totaling $100,317.40. Default in the repayment of the debt occurred commencing in December of 2002.
Four parcels of land were encumbered by the mortgage, including the marital residence which has already been sold at foreclosure sale to the plaintiff in this action by the first mortgagee, Washington Mutual. The other three parcels consisted of land on Route 89, land in the town of Varick, and approximately 26 acres contiguous to the marital residence. The sale of the marital residence resulted in surplus monies and the surplus monies issue is still pending. Washington Mut. v Tompkins, Index No. 34389.)
The plaintiff has submitted an extensive memorandum of law and pleadings showing why the affirmative defenses asserted by the defendants lack merit and that summary judgment on the issue of liability should be granted to him.
The reply affidavit of the defendant Maureen Tompkins submits that she and her ex-husband, defendant Mark Tompkins, received no consideration for the loan and mortgage they gave the National Bank of Geneva. She also argues that the mortgage being foreclosed is for a maximum amount of $100,000 and the loan sought by the plaintiff herein had a value of $100,317.40. Thirdly, she states the note given by her ex-husband’s former business, United Cable Techs Inc., to the National Bank of Geneva was cancelled by the bank on April 3, 2003, and, accordingly, there was no debt to assign to the plaintiff in December of 2003. Lastly, the defendants seek direction regarding the order of sale of the parcels in the event the court does grant summary judgment.
The argument there was a lack of consideration given in exchange for the loan and mortgage taken by the National Bank of Geneva lacks merit. There is no question that the monies were lent by the National Bank of Geneva to. the corporation owned by the defendant Mark W. Tompkins and his former partner for operation of their business. There is also no question that the defendants herein gave a collateral security mortgage to assure repayment of that debt, and “the execution of the mortgage by defendant [Maureen Tompkins] *262 was supported by sufficient consideration because it benefited the business of her husband, defendant [Mark W. Tompkins]” (United States of Am. v Quaintance, 244 AD2d 915, 916 [4th Dept 1997]). She also, it is noted, was an officer of the corporation.
The real question in this matter is whether the defendants’ obligation was cancelled. It is uncontroverted that National Bank of Geneva issued a 1099-c form, in January of 2004, indicating that the debt was cancelled on April 3, 2003. No satisfactory explanation was given as to why the bank issued the 1099-c, but an affidavit has been submitted by a National Bank of Geneva representative that the same was done in error. Regardless, it appears that there was no valid cancellation of the debt because of the requirements of UCC 3-605 (2). Pursuant to UCC 3-605 (2), the “instrument” must be surrendered to the debtors to effect a cancellation or renunciation of the debt. The plaintiff argues that the 1099-c was not a surrender of the instrument. There is case law to the contrary, indicating that the same could be construed as an instrument. (Franklin Credit Mgt. Corp. v Nicholas, 73 Conn App 830, 812 A2d 51 [2002].) Notwithstanding, as noted by counsel for the plaintiff, even if the 1099-c is construed to be a surrender of the instrument, it was not surrendered to the debtors until after the assignment of the debt to the plaintiff. Cancellation or renunciation however can only be performed by “[t]he holder of an instrument.” (UCC 3-605 [1].) This, the National Bank of Geneva ceased to be upon the assignment to the plaintiff of the note and mortgage in December of 2003. Counsel for the defendants acknowledged that there was no notice of any possible forgiveness of the debt sent to them prior to receipt of the 1099-c in January or February of 2004.
All other defenses raised by the defendants herein lack merit and summary judgment on the issue of liability is granted to the plaintiff.
This court finds that the plaintiff is entitled to the surplus monies in the companion case of Washington Mut. v Tompkins, and that the amount due the plaintiff herein as of the date of this judgment is $66,637.28, as calculated in paragraph 9 of plaintiffs attorney’s reply affidavit with accompanying exhibit B. The plaintiff is granted judgment accordingly.
*263 The court cannot determine, from the papers submitted, the appropriate order in which the parcels should be sold. The court appoints James Gabriel, Esq., referee in the companion case, to make recommendations with regard to the proper priority of parcel sales and to act as referee for the conduct of such sales.