BUSINESS LOAN CENTER, INC., Appellant, v GREG WAGNER, Also Known as GREG D. WAGNER, as Heir of the Estate of ROBERT F. WAGNER, Deceased, et al., Respondents, et al., Defendants. (Action No. 1.) BUSINESS LOAN CENTER, INC., Appellant, v ROBERT F. WAGNER REVOCABLE TRUST, Respondent, et al., Defendants. (Action No. 2.) [818 NYS2d 406]—

Appeal from a judgment of the Supreme Court, Wayne County (Renee Forgensi Minarik, A.J.), entered June 6, 2005. The judgment granted summary judgment to defendants-respondents dismissing the complaints against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the complaints against defendants-respondents are reinstated.

Memorandum: Plaintiff commenced these commercial foreclosure actions alleging that defendants had failed to pay amounts owed to plaintiff pursuant to a note secured by a mortgage on properties now held by defendant Robert F. Wagner Revocable Trust. Plaintiff issued a loan to defendant Jokyr Restaurant Corporation, doing business as Joe's Bar & Grill (Jokyr), in December 1989, and defendant Karyn Wagner (K. Wagner), as president of Jokyr, executed a note in favor of plaintiff and, according to K. Wagner, was a guarantor thereof. K. Wagner's

parents executed a guaranty of the note, secured by a mortgage in favor of plaintiff. In 1991, Jokyr went out of business and, in August 1993, plaintiff sent a certified letter to "Joe's Bar & Grill[,] C/O Karyn Wagner," demanding payment of the note and accelerating payment thereof. Partial payments were made on the note by K. Wagner until October 29, 1994. Plaintiff commenced these actions in July and on October 13, 2000, and in their answers defendants-respondents (defendants) asserted the affirmative defenses of, inter alia, the statute of limitations and forgery. Plaintiff moved for summary judgment, and defendants sought summary judgment dismissing the complaint in each action against them.

Although we conclude that Supreme Court properly denied plaintiff's motion, we further conclude that the court erred in granting summary judgment to defendants pursuant to CPLR 3212 (b), dismissing the complaints against them as time-barred. The six-year statute of limitations applicable to mortgage foreclosure actions begins to run once the debt has been accelerated by a demand (*see Lavin v Elmakiss*, 302 AD2d 638, 639 [2003], *lv dismissed* 100 NY2d 577 [2003], *lv denied* 2 NY3d 703 [2004]; *Loiacono v Goldberg*, 240 AD2d 476, 477 [1997]), and here the demand was made on August 20, 1993. These actions were commenced more than six years later and are thus time-barred unless plaintiff, as creditor, establishes that the statute of limitations was tolled by demonstrating "that [partial payment] was paid to and accepted by [it] as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Crow v Gleason*, 141 NY 489, 493 [1894]; *see Roth v Michelson*, 55 NY2d 278, 281 [1982]; *Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]; *Saini v Cinelli Enters.*, 289 AD2d 770, 771 [2001], *lv denied* 98 NY2d 602 [2002]; *Donovan v Burkowski*, 51 AD2d 878 [1976]).

Here, plaintiff submitted evidence that partial payments were made but did not establish as a matter of law that the payments were made on behalf of Jokyr under "circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Crow*, 141 NY at 493). Indeed, defendants submitted evidence that Jokyr went out of business in 1991, that plaintiff had knowledge that Jokyr was no longer in business, and that the additional payments were made by K. Wagner in her personal capacity as a guarantor. K. Wagner, however, was the president of Jokyr and signed all of the loan documenta-

tion on behalf of Jokyr. There was no showing by defendants that the payments made by K. Wagner after the demand and acceleration were any different from the payments made prior to the default, e.g., the checks sent by K. Wagner to plaintiff as payment for the loan did not indicate that payment was being made on behalf of K. Wagner personally rather than as an agent of Jokyr in winding up its affairs. We thus conclude that there is a triable issue of fact on the record before us whether the statute of limitations was tolled.

Plaintiff further contends that it is entitled to summary judgment because there is no triable issue of fact on the affirmative defense of forgery. We decline to address plaintiff's contention, both in view of our determination that there is a triable issue of fact with respect to the statute of limitations and in view of the fact that the court did not address plaintiff's motion insofar as it sought summary judgment dismissing the affirmative defense of forgery. We have reviewed plaintiff's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.