Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 21, 2012, which, insofar as appealed from, denied plaintiffs’ motion to the extent that it sought to dismiss the counterclaims for rent against plaintiff guarantor and granted their motion to the extent that it sought summary judgment as to liability on their causes of action for wrongful eviction, unanimously affirmed, with costs.
The guaranty, which recited that it was made to induce execution of a lease, was supported by consideration notwithstanding that it was signed before the lease (see Teitelbaum v Mordowitz, 248 AD2d 161 [1st Dept 1998]; Michelin Mgt. Co. v Mayaud, 307 AD2d 280, 281 [2d Dept 2003]).
Vacatur of the default judgment in the summary proceeding for improper service of process precludes any argument that the evictions were lawful (see Maracina v Shirrmeister, 105 AD2d *472 672, 673 [1st Dept 1984]). We note that the lease did not authorize the landlord’s re-entry to the commercial premises without legal process (see North Main St. Bagel Corp. v Duncan, 6 AD3d 590, 591 [2d Dept 2004]).
We have considered the remaining contentions of the parties and find them unavailing. Concur — Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ. [Prior Case History: 34 Misc 3d 1230(A), 2012 NY Slip Op 50312(U).]