■ RONALD B. STUCKEY, Respondents, v LUTHERAN CARE FOUNDATION NETWORK, INC., et al., Appellants. [34 NYS3d 101]—

In an action, inter alia, to recover damages for breach of

contract, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated February 28, 2014, as granted those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action, and (2) from a judgment of the same court entered May 30, 2014, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $20,342.41.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto dismissing the first cause of action; as so modified, the judgment is affirmed, that branch of the plaintiffs' motion which was for summary judgment on the first cause of action is denied, upon searching the record, summary judgment is awarded to the defendants dismissing the first cause of action, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In March 2012, the plaintiffs commenced this action against the former employer of the plaintiff Ronald B. Stuckey and its successor in interest. Under the first cause of action, the plaintiffs sought a judgment declaring that the defendants were obligated to pay for the entire cost of the plaintiffs' Medicare supplemental insurance premiums pursuant to a letter agreement dated November 14, 1998. Under the second cause of action, they sought to recover damages for breach of that agreement based on the defendants' alleged failure to pay for the entire cost of the plaintiffs' Medicare supplemental insurance premiums. The plaintiffs moved for summary judgment on the complaint. In an order dated February 28, 2014, the Supreme Court granted those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action. On May 30, 2014, the Supreme Court entered a judgment in favor of the plaintiffs and against the defendants in the principal sum of $20,342.41.

Contrary to the defendants' contention, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the second cause of action, which alleged breach of contract. In opposition to the plaintiffs'

prima facie showing that the defendants were obligated to pay for the entire cost of their Medicare supplemental insurance premiums pursuant to the letter agreement dated November 14, 1998, and that the defendants had refused to do so, the defendants failed to raise a triable issue of fact. The agreement was supported by past consideration, and it constituted an enforceable contract under General Obligations Law § 5-1105 (*see Kreuter v Tsucalas*, 287 AD2d 50, 54 [2001]; *Burke v North Fork Bank & Trust Co.*, 228 AD2d 461 [1996]; *cf. Umscheid v Simnacher*, 106 AD2d 380 [1984]).

The Supreme Court, however, should have denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action. That cause of action was for declaratory relief, and the plaintiffs had an adequate alternative remedy in the form of the cause of action alleging breach of contract (*see Alizio v Feldman*, 82 AD3d 804, 805 [2011]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 568 [1998]; *Apple Records v Capitol Records*, 137 AD2d 50, 54 [1988]). Accordingly, upon our determination with respect to the second cause of action, we search the record and award summary judgment to the defendants dismissing the first cause of action (*see generally Arista Real Estate Holdings, Inc. v Kemalettin*, 133 AD3d 696, 697-698 [2015]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the second cause of action, but should have denied that branch of their motion which was for summary judgment on the first cause of action. Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.