Wilmington Sav. Fund Socy., FSB v Gustafson (2018 NY Slip Op 02954)





Wilmington Sav. Fund Socy., FSB v Gustafson


2018 NY Slip Op 02954


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


327 CA 17-01674

[*1]WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, PLAINTIFF-APPELLANT,
v
STEVEN E. GUSTAFSON, PAM L. GUSTAFSON, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






KNUCKLES, KOMOSINSKI & MANFRO, LLP, ELMSFORD (JORDAN J. MANFRO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARCO CERCONE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered November 29, 2016. The order granted the motion of defendants Steven E. Gustafson and Pam L. Gustafson to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint against defendants Steven E. Gustafson and Pam L. Gustafson is reinstated.
Memorandum: Plaintiff commenced this mortgage foreclosure action in April 2016, alleging that Steven E. Gustafson and Pam L. Gustafson (defendants) defaulted in the payment of their mortgage in May 2009 and in each subsequent month thereafter. In moving to dismiss the complaint against them, defendants contended that the action is barred by the six-year statute of limitations (see CPLR 213 [4]; see also CPLR 3211 [a] [5]), and Supreme Court granted the motion. We reverse.
We agree with plaintiff that defendants failed to meet their initial burden of establishing that the action is time-barred. Where, as here, a mortgage is payable in installments, separate causes of action accrue for each unpaid installment, and the six-year statute of limitations begins to run on the date that each installment becomes due (see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754 [2d Dept 2010]; see also United States of Am. v Quaintance, 244 AD2d 915, 915-916 [4th Dept 1997], lv dismissed 91 NY2d 957 [1998]). If, however, the mortgage holder accelerates the entire debt by a demand, the six-year statute of limitations begins to run on the entire debt (see Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]; see also EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2d Dept 2001]).
Here, defendants' own submissions in support of the motion establish that, although another entity purported to accelerate defendants' entire debt in 2010 and 2012, that entity was not the holder or assignee of the mortgage and did not hold or own the note. Thus, the entity's purported attempts to accelerate the entire debt were a nullity, and the six-year statute of limitations did not begin to run on the entire debt (see EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 [2d Dept 2008]; see also Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983 [2d Dept 2012]). Although this mortgage foreclosure action therefore is not time-barred, we note that, "in the event that the plaintiff prevails in this action, its recovery is limited to only those unpaid installments which accrued within the six-year [and 90-day] period immediately preceding its commencement of this action" (EMC Mtge. Corp., 49 AD3d at 593; see RPAPL 1304; CPLR [*2]204 [a]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court