Wilmington Sav. Fund Socy., FSB v Unknown Heirs at Law of Danny Higdon (2018 NY Slip Op 03274)





Wilmington Sav. Fund Socy., FSB v Unknown Heirs at Law of Danny Higdon


2018 NY Slip Op 03274


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


516 CA 17-01874

[*1]WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BRONZE CREEK TITLE TRUST 2013-NPL1, PLAINTIFF-APPELLANT,
v
UNKNOWN HEIRS AT LAW OF DANNY HIGDON, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






KNUCKLES, KOMOSINSKI & MANFRO, LLP, ELMSFORD (JORDAN J. MANFRO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SCOTT BIELICKI, SHERRILL, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered December 27, 2016. The order granted the motion of defendants-respondents to dismiss the supplemental complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the supplemental complaint is reinstated.
Memorandum: Plaintiff commenced this foreclosure action in February 2015, alleging that the mortgage given by Danny Higdon (decedent) and subsequently assigned to plaintiff went into default on September 1, 2008. Timely payments continued to be made on the loan secured by the mortgage for more than a year after decedent's death in January 2007. Plaintiff appeals from an order that granted the motion of defendants-respondents (defendants) to dismiss the supplemental complaint on the ground that the action is time-barred by the six-year statute of limitations (see CPLR 213 [4]; 3211 [a] [5]). We reverse.
We agree with plaintiff that Supreme Court erred in granting the motion inasmuch as defendants failed to meet their initial burden of establishing that the action is time-barred. Where, as here, a loan secured by a mortgage is payable in installments, separate causes of action accrue for each unpaid installment, and the statute of limitations begins to run on the date that each installment becomes due (see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754 [2d Dept 2010]; United States of Am. v Quaintance, 244 AD2d 915, 915-916 [4th Dept 1997], lv dismissed 91 NY2d 957 [1998]). Thus, unless the entire debt had been accelerated by the mortgage holder, on the date of a default the statute of limitations begins to run only for the installment payment that became due on that date (see Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2d Dept 2001]).
Here, defendants' own submissions in support of the motion establish that the mortgage is an installment mortgage, the installment payments are due monthly until January 1, 2035, and defendants defaulted on the payment that was due September 1, 2008. Further, defendants failed to establish that plaintiff accelerated the debt by demanding payment of the entire loan or by commencing a prior foreclosure action. Thus, the action was timely commenced inasmuch as the statute of limitations did not begin to run on the entire debt until the instant action was commenced on February 20, 2015.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court