Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y. (2018 NY Slip Op 05886)





Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y.


2018 NY Slip Op 05886


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-01314
 (Index No. 510005/14)

[*1]Tiffany Tower Condominium, LLC, et al., respondents,
v
Insurance Company of the Greater New York, appellant, et al., defendant.


Speyer & Perlberg, LLP, Melville, NY (Thomas E. Scott of counsel), for appellant.
Held & Hines, LLP, Brooklyn, NY (James K. Hargrove and Scott Richmond of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for branch of contract, the defendant Insurance Company of the Greater New York appeals from an order of the Supreme Court, Kings County (Sylvia Ash, J.), dated January 13, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against that defendant.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against the defendant Insurance Company of the Greater New York, and substituting therefor a provision granting that branch of the motion which was to dismiss the second cause of action insofar as asserted against that defendant to the extent it is based on the plaintiff's original claim of damages to the subject premises, and provisions granting those branches of the motion as were to dismiss the third and fourth causes of action insofar as asserted against that defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2012, the plaintiff Tiffany Tower Condominium, LLC (hereinafter Tiffany Tower), which owns a condominium building located in Brooklyn, filed a claim (hereinafter the original claim) with its insurer, the defendant Insurance Company of the Greater New York (hereinafter the defendant), for damages sustained by the building during Superstorm Sandy. The defendant paid the original claim in December 2012. Almost two years later, in September 2014, Tiffany Tower submitted a supplemental claim (hereinafter the supplemental claim) to the defendant for additional losses which it asserted were caused by the storm. The defendant denied coverage for the supplemental claim.
In October 2014, Tiffany Tower and its Board of Managers (hereinafter together the plaintiffs) commenced this action seeking, in the first cause of action, to recover damages for breach of contract; in their second cause of action, to recover consequential damages for breach of the implied covenant of good faith and fair dealing; in their third cause of action, a judgment declaring that coverage for the supplemental claim was improperly denied; and in their fourth cause of action, to recover damages for violation of General Business Law § 349. The defendant and a codefendant [*2]moved, inter alia, pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against the defendant. Those branches of the motion were denied, and the defendant appeals.
Contrary to the defendant's contention, the plaintiffs sufficiently stated a cause of action to recover consequential damages for breach of the implied covenant of good faith and fair dealing based upon the defendant's refusal to pay the plaintiff's supplemental claim. This cause of action is not duplicative of the breach of contract cause of action. "As in all contracts, implicit in contracts of insurance is a covenant of good faith and fair dealing, such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims'" (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 194, quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 318). Breach of that duty can result in recoverable consequential damages, which may exceed the limits of the policy (see Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203; Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 195; Gutierrez v Government. Empls. Ins. Co., 136 AD3d 975, 976-977). "Such a cause of action is not duplicative of a cause of action sounding in breach of contract to recover the amount of the claim" (Gutierrez v Government Empls. Ins. Co., 136 AD3d at 977).
Here, the plaintiffs stated a viable cause of action to recover consequential damages based on the defendant's refusal to pay the supplemental claim by alleging, among other things, that they did not have the financial resources to repair the damage to the building and that the defendant's delay in paying the supplemental claim caused the building to continue to deteriorate (cf. Bi—Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 194-195). Contrary to the defendant's contention, the plaintiffs, in an affidavit in opposition to the defendant's motion, specifically identified the consequential damages allegedly suffered, including damage to fireproofing and additional water damage (see generally Rovello v Orofino Realty Co., 40 NY2d 633, 636). Accordingly, the Supreme Court correctly declined to direct the dismissal of the second cause of action to the extent that it is based on the defendant's failure to pay the supplemental claim.
However, the Supreme Court should have directed the dismissal of the second cause of action to the extent it is predicated upon the allegation that the defendant failed to fully investigate the plaintiffs' original claim for damages. The insurance policy required that, in the event of loss or damage to property, the insured was required, inter alia, to give prompt notice of the loss or damage, to permit the insurer to inspect the property, and provide a signed, sworn proof of loss, with the insurer being obligated to give notice of its intentions within 30 days of receipt of the proof of loss. We agree with the defendant that these provisions placed the onus on the insured to report the damage it claims occurred to the building. There is nothing in the insurance policy that imposed any obligation on the insurer to investigate for additional damage that was not reported by the insured. Here, the original claim was made in November 2012 and was paid by the defendant in December 2012. Thus, the court should have directed the dismissal of the plaintiffs' second cause of action to the extent that it is based on the theory that the defendant should have continued investigating the original claim, notwithstanding that the defendant had paid the original claim.
The Supreme Court should also have directed the dismissal of the third cause of action insofar as asserted against the defendant, which sought a declaratory judgment. A cause of action for a declaratory judgment is " unnecessary and inappropriate'" where, as here, the plaintiffs have " an adequate, alternative remedy in another form of action, such as breach of contract'" (BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568, quoting Apple Records v Capitol Records, 137 AD2d 50, 54; see Stuckey v Lutheran Care Found. Network, Inc., 140 AD3d 734, 736; Alizio v Feldman, 82 AD3d 804, 805).
Additionally, the plaintiffs' fourth cause of action failed to state a cause of action under General Business Law § 349. That statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349[a]). "[A]s a threshold matter, plaintiffs claiming the benefit of [the statute] . . . must charge conduct of the defendant that is consumer-oriented" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344). "Private contract disputes, unique to the parties," do not "fall within [*3]the ambit of the statute" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25). Here, the plaintiffs' allegations merely concern conduct relating to these parties' insurance contract, and not to acts or practices that have a broad impact on consumers at large (see Caterpillar Ins. Co. v Metro Constr. Equities, 130 AD3d 856, 859; JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 581; Air & Power Transmission, Inc. v Weingast, 120 AD3d 524, 525).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we modify the order to grant those branches of the defendants' motion which were to dismiss the second cause of action to the extent that it is based on the plaintiffs' original claim of damages to the subject premises and to dismiss the third and fourth causes of action, and, as so modified, affirm insofar as appealed from.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court