Ditech Fin., LLC v Corbett (2018 NY Slip Op 07862)





Ditech Fin., LLC v Corbett


2018 NY Slip Op 07862


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1110 CA 18-00681

[*1]DITECH FINANCIAL, LLC, FORMERLY KNOWN AS GREEN TREE SERVICING, LLC, PLAINTIFF-RESPONDENT,
v
TIMOTHY W. CORBETT, SHEILA B. CORBETT, ALSO KNOWN AS SHEILA CORBETT, DEFENDANTS-APPELLANTS, AND CAPITAL ONE BANK (USA), N.A., ET AL., DEFENDANTS. 






HUMPLEBY LAW OFFICE, P.C., SYRACUSE (CRAIG C. HUMPLEBY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
STIM & WARMUTH, P.C., FARMINGVILLE (GLENN P. WARMUTH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered September 21, 2017. The order, among other things, granted plaintiff's motion for summary judgment against defendants Timothy W. Corbett and Sheila B. Corbett. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this mortgage foreclosure action in January 2016, alleging that Timothy W. Corbett and Sheila B. Corbett (defendants) defaulted by failing to pay their monthly mortgage installments. Plaintiff thereafter moved for, inter alia, summary judgment striking defendants' answer. In opposition to plaintiff's motion, defendants contended, inter alia, that the foreclosure action is time-barred because the debt was accelerated in 2010 by plaintiff's predecessor in interest (see CPLR 213 [4]). Supreme Court granted the motion. We affirm.
"Where, as here, a mortgage is payable in installments, separate causes of action accrue for each unpaid installment, and the six-year statute of limitations begins to run on the date that each installment becomes due" (Wilmington Sav. Fund Socy., FSB v Gustafson, 160 AD3d 1409, 1410 [4th Dept 2018]; see CPLR 213 [4]; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754 [2d Dept 2010]; United States of Am. v Quaintance, 244 AD2d 915, 915-916 [4th Dept 1997], lv dismissed 91 NY2d 957 [1998]). If the mortgage holder accelerates the debt by a demand or by commencement of a foreclosure action, the statute of limitations begins to run on the entire debt (see Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]; see also Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [2d Dept 2018]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2d Dept 2001]).
We reject defendants' contention that a January 2010 letter to defendants from plaintiff's predecessor in interest accelerated the debt and thus that the statute of limitations began to run on the entire debt at that time. The 2010 letter, which, among other things, advised defendants of their default and of the lender's intention to accelerate the debt in the future if certain preconditions were not met, "falls far short of providing clear and unequivocal notice to defendants that the entire mortgage debt was being accelerated" (Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122 [3d Dept 2016]; see FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1309 [2d Dept 2018]; see generally Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983 [2d Dept 2012]). Inasmuch as a letter discussing acceleration as a possible future event does not constitute an exercise of the mortgage's optional acceleration clause (see 21st Mtge. Corp. v [*2]Adames, 153 AD3d 474, 475 [2d Dept 2017]; Goldman Sachs Mtge. Co., 135 AD3d at 1122-1123; see generally Wells Fargo Bank, N.A., 94 AD3d at 982-983), we conclude that the court properly granted plaintiff's motion.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court