Matter of Neal v Fedder Lofts, LLC (2022 NY Slip Op 07330)

Matter of Neal v Fedder Lofts, LLC

2022 NY Slip Op 07330

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

770 CA 21-01135

[*1]MELISSA NEAL, PETITIONER-RESPONDENT;
v
FEDDER LOFTS, LLC, RESPONDENT, AND COUNTY OF ERIE, RESPONDENT-APPELLANT. 

LIPPES MATHIAS LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR RESPONDENT-APPELLANT.
JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Erie County Court (Susan M. Eagan, J.), entered July 15, 2021. The order, among other things, directed respondent County of Erie to transfer title of certain property to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this in rem tax foreclosure action pursuant to the Erie County Tax Act (ECTA), respondent County of Erie (County) obtained a judgment of foreclosure with respect to certain property owned by Black Rock Trade Center, Inc. (Black Rock) based on Black Rock's tax delinquency, and the County then sold the property to petitioner at a public auction. Respondent Fedder Lofts, LLC (Fedder) thereafter moved by order to show cause seeking, inter alia, to vacate the sale of the property. County Court granted the motion by, inter alia, rescinding petitioner's purchase of the property on equity grounds. On a prior appeal by petitioner, we reversed that order (Matter of Foreclosure of Tax Liens [Neal—Fedder Lofts, LLC], 193 AD3d 1379 [4th Dept 2021]).
Petitioner subsequently moved by order to show cause seeking, inter alia, to compel the County to transfer title of the property to her pursuant to the terms of sale between the County and petitioner. The County now appeals from the order granting the part of the motion seeking that relief. The County contends that it does not own the property or hold a transferrable interest and thus lacks the authority to complete the sale to petitioner because, several months before our decision on the prior appeal, the delinquent taxes on the property were paid, the County issued a certificate of redemption to Black Rock, and Black Rock thereafter sold the property and transferred title to Fedder. We agree with petitioner that the County's instant contention was previously raised by the County during the litigation of petitioner's prior appeal, where the County contended in a motion, in its respondent's brief, and at oral argument on the appeal that petitioner's appeal should be dismissed as moot. We rejected that contention based on our determination "that the purported redemption, the issuance of the certificate of redemption, and the purported sale and transfer of title from Black Rock to Fedder are nullities" (Neal-Fedder Lofts, LLC, 193 AD3d at 1380-1381). "An appellate court's resolution of an issue on a prior [*2]appeal constitutes the law of the case and is binding on the [County] Court as well as on the appellate court" (Massey v Byrne, 164 AD3d 416, 416 [1st Dept 2018] [internal quotation marks omitted]; see Johnson v Optometrix, Inc., 85 AD3d 1542, 1544 [4th Dept 2011], lv denied 17 NY3d 710 [2011]). Thus, contrary to the County's contention, in light of this Court's determination in the prior appeal, the court properly declined to reconsider the issue on petitioner's motion. Further, the County has not shown any "subsequent evidence or change of law" that would warrant reconsideration by this Court of our decision (Massey, 164 AD3d at 416 [internal quotation marks omitted]; see generally Matter of Dagan B. [Calla B.], 172 AD3d 1905, 1906 [4th Dept 2019], lv denied 33 NY3d 912 [2019]).
Finally, we reject the County's further contention that, subsequent to our determination on the prior appeal, it properly rescinded the sale to petitioner pursuant to section ten of the terms of sale. That section does not give the County the authority to rescind the sale and instead merely limits the damages to petitioner in the event the County is unable to convey title pursuant to the terms of sale. Inasmuch as we have already rejected the County's contention that the property was purportedly redeemed and transferred to Fedder and that the County is thus unable to convey title to petitioner, we affirm.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court