Wilmington Sav. Fund Socy., FSB v Gustafson (2025 NY Slip Op 03420)

Wilmington Sav. Fund Socy., FSB v Gustafson

2025 NY Slip Op 03420

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

210 CA 23-02111

[*1]WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, PLAINTIFF-RESPONDENT,
v
STEVEN E. GUSTAFSON, PAM L. GUSTAFSON, DEFENDANTS-APPELLANTS, RILEY GUSTAFSON AND GRETA GUSTAFSON, DEFENDANTS. 

ARTHUR N. BAILEY & ASSOCIATES, JAMESTOWN (KYLE C. DIDONE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
KNUCKLES & MANFRO, LLP, TARRYTOWN (MANIK J. SAINI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered September 29, 2023. The order, among other things, granted plaintiff's motion for, inter alia, a judgment of foreclosure and sale. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this mortgage foreclosure action in April 2016, alleging that Steven E. Gustafson and Pam L. Gustafson (defendants) defaulted in the payment on their residential mortgage in May 2009 and in each subsequent month thereafter. Plaintiff moved for, inter alia, amendment of the caption to include as defendants Riley Gustafson and Greta Gustafson (default defendants), a default judgment against default defendants, a judgment of foreclosure and sale, and an order directing the distribution of the sale proceeds. Defendants cross-moved to compel plaintiff to accept their answer and affirmative defense that plaintiff lacks standing in this foreclosure action and to dismiss plaintiff's complaint based on expiration of the six-year statute of limitations. Supreme Court granted plaintiff's motion and in effect denied defendants' cross-motion and supplemental cross-motion. Defendants appeal. We affirm.
We note at the outset that defendants do not contend on appeal that plaintiff lacks standing, and defendants are therefore deemed to have abandoned that contention (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213 [4]). Once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21-22 [2021], rearg denied 37 NY3d 926 [2021]; Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]). Defendants contend that plaintiff's foreclosure action is barred by the six-year statue of limitations because plaintiff's predecessor in interest validly accelerated the mortgage in February 2010. We agree with plaintiff that defendants' contention was previously raised by defendants during the litigation of plaintiff's prior appeal, where defendants contended that the action is barred by the six-year statute of limitations. We rejected that contention based on our determination that the entity that purported to accelerate defendants' entire debt in 2010 and in 2012 was not the holder or assignee of the mortgage and did not hold or own the note (Wilmington Sav. Fund Socy., FSB v Gustafson, 160 AD3d 1409, 1410 [4th Dept 2018]). "Thus, [*2]the entity's purported attempts to accelerate the entire debt were a nullity, and the six-year statute of limitations did not begin to run on the entire debt" (id.). Our resolution of that issue on a prior appeal constitutes the law of the case and is binding (see Matter of Foreclosure of Tax Liens [Neal—Fedder Lofts, LLC], 211 AD3d 1508, 1509 [4th Dept 2022]; Juhasz v Juhasz, 101 AD3d 1690, 1690 [4th Dept 2012]; Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency, 224 AD2d 15, 19 [4th Dept 1996], appeal dismissed 89 NY2d 860 [1996], lv denied 89 NY2d 811 [1997]). Thus, contrary to defendants' contention, the court properly granted plaintiff's motion and denied their supplemental cross-motion.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court