■ KNAB BROS., INC., Respondent, v TOWN OF LEWISTON, Appellant.— Order unanimously affirmed, with costs. Memorandum: The only question presented is whether plaintiff-respondent, a sewer contractor, may recover interest on partial summary judgment awarded it at Special Term. Appellant Town of Lewiston claims that its check in the amount of $22,269.38 constituted valid tender sufficient to prevent the accrual of interest. We disagree. Knab Bros. Inc., the contractor, had a contract to install culverts and storm sewers in six sections of the appellant town. One section was deleted by mutual consent. Four sections were properly completed and partial summary judgment was granted for the amount claimed for this work. The final section, on which plaintiff-respondent believed it had a contract to perform work, was performed instead by employees of the County of Niagara. Upon presentation by plaintiff of its claim for $22,769.38 for the four completed sections of work under the contract, an official of appellant said that if $500 could be taken off the statement it would be immediately presented to the town board. A new voucher was thereafter prepared by appellant town in the amount of $22,269.38 and on October 9, 1975 a check in that amount labeled "final payment for contract" was given plaintiff. Knab Bros. Inc. refused to cash the check because of the condition on its face, commenced suit on the contract and moved for summary

judgment. Interest is recoverable upon a sum awarded arising from a breach of performance of a contract computed from the earliest ascertainable date that the cause of action existed (CPLR 5001, subds [a], [b]). There is no dispute that the work required under the four sections of the sewer contract was properly completed by plaintiff and that it was entitled to be paid for this portion of the work. Concededly, the right to interest may be lost on equitable principles of estoppel, such as a refusal by a creditor to accept a tender (*Feldman v Brodsky*, 12 AD2d 347, 350-351, affd 11 NY2d 692). But, to be valid as a defense against the accrual of interest running against the debtor, a tender must be shown to be absolute and free from all conditions (59 NY Jur., Tender § 16). The conditional check proffered to plaintiff by appellant in this case failed to meet this test and hence was insufficient to stop interest accruing from the date of the claim and refusal by appellant to pay, i.e., when the cause of action arose. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.