■ New York State Mortgage Loan Enforcement and Administration Corporation et al., Respondents, v North Town Phase II Houses, Inc., et al., Appellants, et al., Defendants. New York State Mortgage Loan Enforcement and Administration Corporation et al., Respondents, v North Town Phase III Houses, Inc., et al., Appellants, et al., Defendants. [594 NYS2d 183] —Orders, Supreme Court, New York

County (Beverly Cohen, J.), entered June 21, 1991, granting plaintiffs' motion for summary judgment of foreclosure, unanimously affirmed, without costs.

The record demonstrates plaintiffs made a prima facie case of entitlement to foreclosure based upon their production of the note, additional note, mortgage, consolidated agreement between the parties and defendants' own fiscal auditors' financial statements which evidenced that the obligations as to principal had not been discharged. Defendants, who had used the monies received to finance two Mitchell-Lama developments in the early 1970's on Roosevelt Island, failed to establish the existence of a material issue of fact concerning full payment of such debt. Additionally, defendants failed to establish the merit of any of their other affirmative defenses including statute of limitations, laches and estoppel. Defendants failed to demonstrate that no default on debt owed occurred during the six year period preceding commencement of the action in 1989. That defendants may have defaulted on some payments during the mid to late 1970's does not give rise to an estoppel as the mortgages provided that plaintiffs could, at their "option", accelerate the due date of the entire debt (see, First Natl. City Trust Co. v Caserta, 29 Misc 2d 166). Furthermore, the doctrine of laches is not available in a foreclosure action brought within the period of limitations (Schmidt's Wholesale v Miller & Lehman Constr., 173 AD2d 1004, 1005).

We have considered defendants' remaining contentions and find them to be without merit since they are "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" (Zuckerman v City of New York, 49 NY2d 557, 562). Concur—Murphy, P. J., Carro, Ellerin and Ross, JJ.