■ Key Bank of New York, Respondent, v Herman L. Zahn, Jr., et al., Appellants. (Appeal No. 1.) [661 NYS2d 372] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced separate actions to enforce its interests in two types of collateral securing a June 1987 note obligating defendants to repay a $555,000 loan from plaintiff. In one action, plaintiff seeks to foreclose mortgages on two farms owned

by Herman L. Zahn, Jr., and Donald W. Zahn (defendants). In the other action, which sounds in replevin, plaintiff seeks immediate possession of "all of defendants' Equipment" pursuant to a security agreement executed by defendants. Both the security interest and Mortgage I, given by defendants at the time of earlier loans that were subsequently refinanced or rolled into the June 1987 loan, provide that the liens are intended to secure future advances or indebtedness. Additionally, the documents evidencing the 1987 and earlier transactions contain clauses precluding oral modification of those instruments.

In each action, Supreme Court granted the motion of plaintiff for summary judgment and denied the cross motions of defendants for leave to amend their answers to assert 10 additional affirmative defenses. Defendants appeal from the order in each action.

We conclude that the court acted within its discretion in denying the cross motions to amend the answers (*see,* CPLR 3025 [b]). The court properly rejected the proposed amended answers on the ground that they were not verified, as required by CPLR 3020 (a). There is no merit to defendants' contention that plaintiff waived the lack of verification by failing to return the proposed amended answers. Plaintiff had never been served with the proposed amended answers. In any event, we conclude that the proposed amendments were properly rejected because they are patently lacking in merit. Defendants' proposed affirmative defenses generally allege that plaintiff breached oral promises made at the time of the 1982 and 1987 transactions to release plaintiff's security interest in the equipment. Those allegations are legally insupportable because proof of such oral promises is barred by the parol evidence rule, the Statute of Frauds, and the contractual provisions precluding oral modification.

For similar reasons, we conclude that the court properly granted plaintiff's motion for summary judgment in each action. Plaintiff sustained its initial burden on the motions by establishing that defendants had defaulted on the 1987 note secured by the mortgages and the equipment (*see, New York State Mtge. Loan Enforcement & Admin. Corp. v North Town Phase II Houses,* 191 AD2d 151, 152). In view of the "future advances" and "no oral modification" clauses contained in the documents, defendants' contentions fail to raise genuine material questions of fact precluding summary judgment. Also lacking in merit is defendants' contention that RPAPL 1301 precludes plaintiff's efforts to foreclose simultaneously on the two species of collateral. We note that Mortgage II expressly allows plaintiff to "resort to its several securities therefor".

We have considered defendants' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.