■ ESTHER M. MERTZ TRUST, Respondent, v FOX MEADOW PARTNERS, LTD., et al., Appellants, et al., Defendants. (Action No. 1.) ESTHER M. MERTZ TRUST, Respondent, v FOX MEADOW PARTNERS, LTD., et al., Appellants, et al., Defendants. (Action No. 2.) [734 NYS2d 77] —In an action, inter alia, for a judgment declaring a release of lien null and void (Action No. 1), and a related action to foreclose a mortgage (Action No. 2), (1) Fox Meadow Partners, Ltd., and Norma R. Pepe, defendants in Action No. 1, appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated June 19, 2000, which, upon an order of the same court, dated April 7, 2000, denying their motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them as time-barred, and granting the plaintiff's cross motion for summary judgment, declared the release of lien null and void, and (2) Fox Meadow Partners, Ltd., Norma R. Pepe, and 101 Fox Meadow Corp., defendants in Action No. 2, appeal from an order of the same court, also dated June 19, 2000, which denied their motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against them as time-barred, and granted the plaintiff's cross motion for summary judgment against them.

Ordered that the judgment and order are affirmed, with costs.

On September 23, 1987, Esther M. Mertz loaned the defendant Fox Meadow Partners, Ltd. (hereinafter "Fox Meadow") the sum of $1,600,000 to finance its purchase of a 32-lot subdivision in Dutchess County. As security for the loan, Fox Meadow executed a note and mortgage which originally encumbered the entire subdivision. The note and mortgage required Fox Meadow to make monthly installment payments of interest, and periodic installment payments of principal which would become due as individual lots were sold and released from the mortgage lien. The mortgage was subsequently assigned to the plaintiff Esther M. Mertz Trust (hereinafter the Trust).

In April 1996 the Trust discovered that a purported release of lot five from the mortgage lien had been recorded in the Dutchess County Clerk's office on February 22, 1993, and that title to lot five had been conveyed to Norma R. Pepe. The Trust then commenced Action No. 1 against, among others, Fox Meadow and Pepe, seeking a judgment declaring the release of lien on lot five null and void, and the mortgage a valid lien on the premises. In addition, the Trust commenced Action No. 2 against several parties, including Fox Meadow, Pepe, and the 101 Fox Meadow Corp., seeking foreclosure of its mortgage on lot five of the subdivision. The defendants Fox Meadow and Pepe thereafter moved for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them, contending that since it sought cancellation of the lien pursuant to Real Property § 329, it was barred by the three-year Statute of Limitations applicable to claims seeking recovery upon a liability created or imposed by statute (see, CPLR 214 [2]). The defendants Fox Meadow, Pepe, and 101 Fox Meadow Corp. moved for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against them, contending that it was barred by the six-year Statute of Limitations governing foreclosure actions (see, CPLR 213). The Trust countered by cross-moving for summary judgment in both actions. The Supreme Court denied the defendants' motions for summary judgment dismissing both actions as time-barred, and granted the Trust's cross motions for summary judgment. The moving defendants appeal.

Contrary to the appellants' contention, the Supreme Court properly concluded that Action No. 1, which sought a judgment declaring null and void the release of lien on lot five, was not time-barred by the three-year Statute of Limitations set forth in CPLR 214 (2). CPLR 214 (2) governs only liabilities which would not exist but for a statute, and does not apply to li-

abilities existing at common law which have been recognized or implemented by statute (*see, Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 173-174). Since an action could have been maintained at common law to set aside a recorded instrument relating to real property prior to the enactment of Real Property Law § 329, which codifies the right to commence such an action (*see, Swarthout v Ranier,* 143 NY 499, 503; *Remington Paper Co. v O'Dougherty,* 81 NY 474), the three-year Statute of Limitations set forth in CPLR 214 (2) does not apply. Accordingly, Action No. 1 is not time-barred.

Furthermore, the Supreme Court properly determined that Action No. 2 is not time-barred. Where, as here, a mortgage is payable in installments, there are "separate causes of action for each installment accrued, and the Statute of Limitations [begins] to run, on the date each installment [becomes] due" (*Pagano v Smith,* 201 AD2d 632, 633; *see also, Loiacono v Goldberg,* 240 AD2d 476; *Khoury v Alger,* 174 AD2d 918). Although acceleration of the mortgage will trigger the Statute of Limitations against the entire debt (*see, Loiacono v Goldberg, supra*), here acceleration of the mortgage debt was at the option of the Trust, and the Trust did not exercise that option. Accordingly, recovery of installments due within six years of the commencement of Action No. 2, including the installment due upon the recording of the deed conveying lot five to Pepe, are not time-barred (*see, Reliance Fed. Sav. Bank v Altman,* 269 AD2d 380; *Loiacono v Goldberg, supra; Pagano v Smith, supra*).

The Supreme Court properly granted the cross motions of the Trust for summary judgment in both actions. In support of its cross motion for summary judgment in Action No. 1, the Trust submitted evidence which demonstrated, as a matter of law, that it never authorized the release of lien on lot five, and the defendants' submissions failed to raise an issue of fact in this regard. Thus, the release of lien was properly declared null and void. Furthermore, the Trust demonstrated its entitlement to summary judgment in Action No. 2 since it is undisputed that Fox Meadow defaulted under the mortgage. No issues of fact were raised in opposition.

The appellants' remaining contentions are without merit. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.