Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 14, 2015. The order granted the motion of defendants for summary judgment and dismissed the complaint.
It is hereby ordered that said appeal insofar as it concerns defendant Leonard J. Jaskowiak (deceased) is unanimously dismissed, that part of the order concerning that defendant is vacated and the complaint against that defendant is dismissed, and the order is otherwise affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of exposure to lead paint as a child while living in an apartment owned by Lorraine Jaskowiak (defendant) and Leonard J. Jaskowiak (decedent), who died in 1992. “Since ‘[a] party may not com- *1749 menee a legal action or proceeding against a dead person’. . . , the action [against decedent] was a nullity from its inception” (Krysa v Estate of Qyra, 136 AD3d 760, 760 [2016]). “Under these circumstances, the order appealed from, insofar as it purports to affect [decedent], was a nullity and this Court has no jurisdiction to hear and determine that purported appeal” (Jordan v City of New York, 23 AD3d 436, 437 [2005]). We otherwise affirm the order for reasons stated in the decision at Supreme Court.
Present — Smith, J.P., Centra, DeJoseph, Cur-ran and Scudder, JJ.