■ Mark Giller, Also Known as Moshe Giller, Appellant, v Brian Weiss, Respondent. [34 NYS3d 496]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered July 1, 2015, which denied his motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover on a promissory note executed by the parties in 2009. Shortly after joinder of issue, and without the benefit of discovery, he moved for summary judgment on the complaint. The defendant opposed the motion, submitting an affidavit and documentary evidence in support of his assertion, inter alia, that he was coerced into

signing the note. The Supreme Court denied the motion without considering the defendant's opposition, concluding that the plaintiff failed to demonstrate his prima facie entitlement to summary judgment. We now affirm, albeit pursuant to a different rationale.

"To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to pay in accordance with the note's terms" (*Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d 705, 706 [2011]; *see Pennsylvania Higher Educ. Assistance Agency v Musheyev*, 68 AD3d 736 [2009]; *Levien v Allen*, 52 AD3d 578 [2008]). Contrary to the Supreme Court's determination, the plaintiff established his prima facie entitlement to summary judgment by submitting a copy of the subject note signed by the defendant, and evidence of the defendant's default in payment. However, in opposition to the motion, the defendant submitted sufficient evidence to raise a triable issue of fact regarding whether he was coerced into signing the note (*see generally Katz v Miller*, 120 AD3d 768, 769 [2014]; *Call v Ellenville Natl. Bank*, 5 AD3d 521, 525 [2004]; *Bekas v 13 Sagamore Woods Corp.*, 203 AD2d 406 [1994]). Additionally, the defendant raised issues regarding the nature of the business relationship of the parties and the proper disposition of certain partial payments made by him to the plaintiff under a previous, allegedly usurious note, which may warrant further discovery. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.