Bank of N.Y. Mellon v Maldonado (2019 NY Slip Op 02307)





Bank of N.Y. Mellon v Maldonado


2019 NY Slip Op 02307


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-10071
 (Index No. 3342/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Jason Maldonado, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E.Young of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jason Maldonado appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 4, 2015. The order, insofar as appealed from, denied that branch of the motion of that defendant which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2006, the defendant Jason Maldonado (hereinafter the defendant) executed a promissory note in favor of Decision One Mortgage Company, LLC, in the sum of $404,000. The note was secured by a mortgage on residential property located in Nassau County.
The defendant allegedly defaulted on his monthly mortgage payments beginning in November 2007. By letter dated December 24, 2007, the loan service provider for the mortgage notified the defendant of his default. The letter reads, in pertinent part, as follows: "The loan is in serious default because the required payments have not been made. . . . If the default is not cured on or before January 28, 2008, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."
On April 13, 2015, the plaintiff commenced this action to foreclose the mortgage. In its complaint, the plaintiff alleged that the defendant had defaulted by failing to make required monthly payments commencing with the payment due on November 1, 2007. The plaintiff further alleged that it "hereby elects" to call due the entire amount secured by the mortgage. 
Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In an order entered November 4, 2015, the Supreme Court denied the defendant's motion. The court determined that the defendant's "assertions and proof [were] not sufficient to support" his request to dismiss the complaint insofar as asserted against him as time-barred. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
"The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Lavin v Elmakiss, 302 AD2d 638, 639; see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754).
Where, as here, the "acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; see Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340; Ward v Walkley, 143 AD2d 415, 417). If the holder of the note elects to accelerate the debt by demand, that fact must be communicated to the mortgagor in a clear and unequivocal manner (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122; Sarva v Chakravorty, 34 AD3d 438, 439).
Contrary to the defendant's contention, the letter dated December 24, 2007, did not accelerate the mortgage debt. Rather, "[t]he language in the letter . . . was merely an expression of future intent that fell short of an actual acceleration" and, thus, did not constitute an exercise of the mortgage's acceleration clause (Milone v US Bank N.A., 164 AD3d 145, 152; see DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him as time-barred.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court