Deutsche Bank Natl. Trust Co. v Matzen (2019 NY Slip Op 05386)





Deutsche Bank Natl. Trust Co. v Matzen


2019 NY Slip Op 05386


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-09536
 (Index No. 9568/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Eric Matzen, et al., respondents.


Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia), dated May 8, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Eric Matzen and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Eric Matzen and for an order of reference are granted.
On June 29, 2005, the defendant Eric Matzen (hereinafter the defendant) executed a note in favor of America's Wholesale Lender, promising to repay a loan in the principal sum of $254,400, in monthly installments, commencing on August 1, 2005. The note was indorsed in blank by Countrywide Home Loans, Inc., a New York corporation doing business as America's Wholesale Lender, without recourse. As security for the note, the defendant executed a mortgage encumbering real property located in Bay Shore. On April 4, 2013, the plaintiff commenced this action by filing a summons and complaint alleging a default in payment under the terms of the note. A copy of the note was attached to the complaint. The defendant served an answer containing general denials and the affirmative defense that the Supreme Court did not have personal jurisdiction over the defendant.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Several exhibits were annexed to the motion, including a copy of the summons and complaint with an attached copy of the note. The defendant did not oppose the motion. The Supreme Court denied the plaintiff's motion, holding, in effect, that the plaintiff failed to show its standing to maintain the action. The plaintiff appeals.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 830; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Giller v Weiss, 140 AD3d 1117, 1118). "In order to place in issue any of these essential elements of the cause of action, a defendant need only deny them in the answer. However, as a general matter, a plaintiff need not establish its standing (i.e., that it held and/or owned the note at the time the action was commenced) as an essential element of the cause of action. Rather, it is only where the plaintiff's standing is placed in issue by the defendant that the plaintiff must shoulder the additional burden of establishing its standing to commence the action, a burden satisfied by evidence that it was the holder or assignee of the underlying note at the time the action was commenced" (US Bank N. A. v Nelson, 169 AD3d 110, 114 [citations omitted]).
In the present case, the defendant did not raise the issue of standing by asserting lack of standing as an affirmative defense in his answer or moving to dismiss the complaint on that ground in a pre-answer motion to dismiss (see US Bank N. A. v Nelson, 169 AD3d 110, 114). Inasmuch as the defendant "failed to . . . raise the issue, it was inappropriate for the Supreme Court to, sua sponte, do so on the defendant['s] behalf" (Midfirst Bank v Agho, 121 AD3d 343, 352). The issue of standing was not properly before the Supreme Court (see US Bank N.A. v Nelson, 169 AD3d at 110; see generally Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45).
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842). The defendant defaulted in opposing the motion and, thus, did not raise a triable issue of fact in opposition to the motion.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court