Wilmington Sav. Fund Socy. FSB v Deliberto (2020 NY Slip Op 03297)





Wilmington Sav. Fund Socy. FSB v Deliberto


2020 NY Slip Op 03297


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


60 CA 19-01350

[*1]WILMINGTON SAVINGS FUND SOCIETY FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS A TRUSTEE FOR HILLDALE TRUST, PLAINTIFF-APPELLANT,
v
DENNIS G. DELIBERTO, ALSO KNOWN AS DENNIS DELIBERTO, MICHAEL G. DELIBERTO, KEITH DELIBERTO, DEFENDANTS-RESPONDENTS, AGNES J. DELIBERTO, ALSO KNOWN AS AGNES DELIBERTO, ET AL., DEFENDANTS. 






FRIEDMAN VARTOLO LLP, NEW YORK CITY (ZACHARY GOLD OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF T. PADRIC MOORE, PLLC, CLIFTON PARK (T. PADRIC MOORE OF COUNSEL), AND BOSMAN & ASSOCIATES PLLC, ALBANY, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered January 24, 2019. The order, among other things, granted the cross motion of defendant Dennis G. Deliberto, also known as Dennis Deliberto, defendant Keith Deliberto, and the estate of Michael G. Deliberto for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that said appeal insofar as it concerns defendant Agnes J. Deliberto, also known as Agnes Deliberto, defendant Michael G. Deliberto, and the estate of Michael G. Deliberto is unanimously dismissed, the complaint against defendant Agnes J. Deliberto, also known as Agnes Deliberto, and defendant Michael G. Deliberto is dismissed, and the parts of the order concerning those defendants and the estate of Michael G. Deliberto are vacated, and the order is otherwise modified on the law by denying the cross motion in part and reinstating the complaint against defendants Dennis G. Deliberto, also known as Dennis Deliberto, and Keith Deliberto to the extent that it seeks recovery of amounts due within six years prior to the commencement of the action, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: On August 10, 2007, defendant Michael G. Deliberto (decedent) executed a note in favor of a lender for a $30,000 line of credit, to be paid in monthly installments with the final payment on August 10, 2032. Defendant Dennis G. Deliberto, also known as Dennis Deliberto, and defendant Keith Deliberto (collectively, defendants) and decedent secured payment of the note with a mortgage encumbering certain real property in which each had a one-third interest as a tenant-in-common. Defendant Agnes J. Deliberto, also known as Agnes Deliberto (Agnes), had a life estate in the property. Agnes died on June 8, 2008 and decedent died on October 14, 2009.
In 2016, the mortgage was assigned to plaintiff. Plaintiff sent a default letter to decedent on May 26, 2017, stating that $3,244.78 was owed to cure the default. When decedent did not respond, plaintiff commenced this foreclosure action on September 15, 2017, accelerating the entire debt. Plaintiff thereafter filed a motion to amend the complaint to add, among others, the unknown heirs-at-law of decedent's estate as defendants in the action, and the appointment of a guardian ad litem on their behalf. Defendants and the estate of decedent cross-moved for summary judgment dismissing the complaint against them on the grounds of the statute of limitations, laches, and estoppel. Supreme Court granted the cross motion and consequently [*2]denied plaintiff's motion, and plaintiff appeals.
At the outset we note that, "[s]ince [a] party may not commence a legal action or proceeding against a dead person . . . , the action [against decedent and Agnes] was a nullity from its inception" (Schaffer v Jaskowiak, 140 AD3d 1748, 1748-1749 [4th Dept 2016], lv denied 28 NY3d 906 [2016] [internal quotation marks omitted]). Thus, we must dismiss the appeal insofar as it concerns decedent and Agnes because "the order appealed from, insofar as it purports to affect [decedent and Agnes], [is] a nullity and this Court has no jurisdiction to hear and determine that purported appeal" (Jordan v City of New York, 23 AD3d 436, 437 [2d Dept 2005]; see Schaffer, 140 AD3d at 1749). Furthermore, inasmuch as the estate of decedent was not substituted as a defendant, the court " lacked jurisdiction to rule on the [cross] motion' " insofar as the cross motion purports to affect the estate of decedent (Matter of Leopold, 32 AD3d 1227, 1228 [4th Dept 2006]; see generally Wood v Dolloff, 52 AD3d 1190, 1190 [4th Dept 2008]), and this Court consequently lacks jurisdiction to review the order on appeal insofar as it concerns the estate of decedent (see Wood, 52 AD3d at 1190).
With respect to the merits, we agree with plaintiff that the court erred in analyzing the cross motion as if plaintiff had moved for summary judgment based on decedent's default on the note, thereby placing the prima facie burden on plaintiff rather than on the proponents of the cross motion for summary judgment (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and that the court erred in sua sponte raising issues such as the validity of the mortgage and whether the mortgage secured the note (see Daimler Chrysler Ins. Co. v Keller, 164 AD3d 1209, 1210 [2d Dept 2018]; see also Dischiavi v Calli [appeal No. 2], 68 AD3d 1691, 1693 [4th Dept 2009]).
We further agree with plaintiff that defendants failed to meet their prima facie burden on their cross motion of establishing that the entire foreclosure action is barred by the statute of limitations. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213 [4]). Here, the note provided that decedent agreed to repay the loan in monthly installments from September 2007 to August 2032. "[W]ith respect to a mortgage payable in installments, there are separate causes of action for each installment accrued, and the [s]tatute of [l]imitations [begins] to run, on the date each installment [becomes] due" (Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754 [2d Dept 2011] [internal quotation marks omitted]; see United States of Am. v Quaintance, 244 AD2d 915, 915-916 [4th Dept 1997], lv dismissed 91 NY2d 957 [1998]). Plaintiff commenced this foreclosure action on September 15, 2017. Therefore, recovery for the installments due within the six years prior to that date, i.e., September 15, 2011, is not barred by the statute of limitations. To the extent that plaintiff seeks recovery for installments due before that date, recovery is barred by the statute of limitations (see EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 [2d Dept 2008]; Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340 [2d Dept 2001], lv dismissed 97 NY2d 714 [2002], lv dismissed 99 NY2d 532 [2002]).
We also conclude that defendants did not establish that the debt was accelerated at any time prior to the commencement of this foreclosure action. When plaintiff filed its complaint on September 15, 2017, it elected at that time to accelerate the entire debt (see generally Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2d Dept 2001]). Consequently, at that time, the entire debt became due—less any amounts for installments that became due outside of the six-year limitations period, i.e., before September 15, 2011 (see EMC Mtge. Corp. 49 AD3d at 593; Esther M. Mertz Trust, 288 AD2d at 340). We therefore modify the order by denying the cross motion in part and reinstating the complaint against defendants to the extent that it seeks recovery of amounts due within six years prior to the commencement of the action.
Contrary to the contention of defendants, because any amount that became due after September 15, 2011 is within the limitations period, laches is not an available defense with respect to those amounts (see Janian v Barnes, 294 AD2d 787, 789 [3d Dept 2002]; New York State Mtge. Loan Enforcement & Admin. Corp. v North Town Phase II Houses, 191 AD2d 151, 152 [1st Dept 1993]; Schmidt's Wholesale v Miller & Lehman Constr., 173 AD2d 1004, 1005 [3d Dept 1991]).
We reject defendants' contention that the debt accelerated automatically upon decedent's [*3]death. The mortgage provides that there is a default upon decedent's death, but it does not provide that the death of decedent would automatically accelerate the debt. Rather, the mortgage provides that the lender may accelerate the debt upon a default and, here, defendants did not establish that plaintiff chose to accelerate the debt at any time before the complaint was filed (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983-984 [2d Dept 2012]; Esther M. Mertz Trust, 288 AD2d at 340). We likewise reject defendants' contention that they are entitled to summary judgment dismissing the complaint based on equitable estoppel. A valid defense of equitable estoppel must be based on "evidence that [defendants] prejudicially changed their position in reliance upon' an assurance by plaintiff" (PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1112 [3d Dept 2013], lv dismissed 23 NY3d 940 [2014]). Defendants failed to submit in support of their cross motion any evidence that plaintiff made such an assurance, or that defendants relied upon any such assurance.
Defendants contend that "[p]laintiff offers no documentary evidence of loan statements and the record is void of any payments tendered by the obligor." We note, however, that defendants cannot meet their burden on their cross motion by pointing out gaps in plaintiff's proof (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2d Dept 2013], lv dismissed 21 NY3d 1068 [2013]; see generally Nick's Garage, Inc. v Geico Indem. Co., 165 AD3d 1621, 1622 [4th Dept 2018]).
In light of our determination, we remit the matter to Supreme Court to determine the merits of plaintiff's motion.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court