Springwood Vil., LLC v Stanley Holdings LLC (2022 NY Slip Op 00579)





Springwood Vil., LLC v Stanley Holdings LLC


2022 NY Slip Op 00579


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1047 CA 21-00044

[*1]SPRINGWOOD VILLAGE, LLC, PLAINTIFF-APPELLANT,
v
STANLEY HOLDINGS LLC AND THOMAS STANLEY, DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GERALD P. GORMAN, HAMBURG, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 8, 2020. The order denied the motion of plaintiff for summary judgment in lieu of complaint and deemed the moving and responding papers to be the complaint and answer. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted in part with respect to the issue of liability, the second ordering paragraph is vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: By motion for summary judgment in lieu of complaint (see CPLR 3213), plaintiff sought to recover on a promissory note executed by defendant Stanley Holdings LLC, and a guarantee for the same executed by defendant Thomas Stanley. The promissory note was related to the purchase by Stanley Holdings LLC of real property owned by plaintiff, and was secured by a mortgage on the property. Supreme Court denied plaintiff's motion and deemed the moving and responding papers to be the complaint and answer. We reverse.
Around the time that the amount owed on the note became due, counsel for defendants received communication from an email account that he believed to be controlled by counsel for plaintiff. The email account provided defendants with instructions for wiring the amount owed on the note, defendants followed those instructions, and the account acknowledged receipt of the funds. That email account, however, bore a domain name that differed by one character from the account actually used by counsel for plaintiff. It is undisputed on this appeal that the emails directing the wire transfer and acknowledging its receipt were not sent by counsel for plaintiff, and instead represented a fraudulent attempt to intercept the funds due to plaintiff under the note.
We agree with plaintiff that it established prima facie entitlement to summary judgment on the issue of liability with respect to the promissory note and guarantee "by submitting the note[] and guarantee[], together with an affidavit of nonpayment" (Birjukow v Niagara Coating Servs., Inc., 165 AD3d 1586, 1587 [4th Dept 2018]; see Giller v Weiss, 140 AD3d 1117, 1118 [2d Dept 2016]). In opposition thereto, defendants failed to " 'come forward with evidentiary proof showing the existence of a triable issue of fact with respect to a bona fide defense of the note' " (Sandu v Sandu, 94 AD3d 1545, 1546 [4th Dept 2012]).
We therefore reverse the order, grant plaintiff's motion in part with respect to the issue of liability and vacate the second ordering paragraph, which deemed the moving and responding papers as the complaint and answer, and we remit the matter to Supreme Court for a determination of damages.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court