Bauman v Bauman (2025 NY Slip Op 01449)

Bauman v Bauman

2025 NY Slip Op 01449

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

34 CA 24-00002

[*1]MARGARET P. BAUMAN, PLAINTIFF-RESPONDENT,
v
DENNIS R. BAUMAN, BACK HILLS FARM CORP., DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. - BACK HILLS FARM CORP., THIRD-PARTY PLAINTIFF-APPELLANT, 
MARGARET P. BAUMAN, NORMAN C. BAUMAN, III, THOMAS S. KALMAN, AS EXECUTOR OF THE ESTATE OF LAURIE L. KALMAN, AIMEE MCKNIGHT AND MATTHEW B. BAUMAN, THIRD-PARTY DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

SALCEDO APPEALS PLLC, BUFFALO (STEVEN B. SALCEDO OF COUNSEL), FOR DEFENDANT-APPELLANT DENNIS R. BAUMAN.
BARRY J. DONOHUE, TONAWANDA, FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT BACK HILLS FARM CORP. 
ROBERT R. RADEL ATTORNEYS AT LAW, BUFFALO (ROBERT R. RADEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT AND THIRD-PARTY DEFENDANTS-RESPONDENTS.

 Appeals from an order of the Supreme Court, Erie County (Kelly A. Vacco, J.), entered October 17, 2023. The order, upon the motion of plaintiff and third-party defendants, granted plaintiff summary judgment on her first cause of action against defendant Dennis R. Bauman and dismissed the third-party complaint. 
It is hereby ORDERED that said appeal by defendant Dennis R. Bauman is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiff-third-party defendant Margaret P. Bauman (plaintiff) commenced this action against defendant Dennis R. Bauman (defendant), defendant Blue River Equipment, Inc., and defendant-third-party plaintiff Back Hills Farm Corp. (Back Hills Farm), asserting, inter alia, causes of action against defendant for breach of a commercial promissory note and breach of an oral contract concerning defendant's access to, and use of, a credit card account. Plaintiff is the mother of defendant. Back Hills Farm, which employed defendant and operated a farm on real property owned by plaintiff, subsequently commenced a third-party action.
In appeal No. 1, defendant, as limited by his brief, appeals from an order insofar as it granted the motion of plaintiff and the four other third-party defendants (collectively, third-party defendants) to the extent that it sought summary judgment on plaintiff's cause of action for breach of the promissory note, and Back Hills Farm separately appeals from the same order [*2]insofar as it granted the same motion to the extent that it sought summary judgment dismissing the four causes of action in Back Hills Farm's third-party complaint, asserting a prescriptive easement, tortious interference with contract, wrongful eviction, and conversion.
In appeal No. 2, defendant, as limited by his brief, appeals from an order insofar as it granted the motion of plaintiff to the extent that it sought summary judgment on her cause of action for breach of the oral contract regarding the credit card account.
In appeal No. 3, defendant, as limited by his brief, appeals from an order insofar as it denied his motion to the extent that it sought summary judgment dismissing the abovementioned causes of action in plaintiff's complaint and summary judgment on his illegal eviction counterclaim.
In appeal No. 4, defendant appeals from a statement for judgment awarding plaintiff damages against defendant on her causes of action concerning the promissory note and credit card agreement.
Preliminarily, we note that defendant's appeal from the order in appeal No. 1 must be dismissed, the appeal from the order in appeal No. 2 must be dismissed, and the appeal from the order in appeal No. 3 must be partially dismissed. Specifically, in appeal Nos. 1 and 2, defendant appeals from those parts of Supreme Court's orders granting plaintiff summary judgment on her causes of action for breach of the promissory note and breach of contract and, in appeal No. 3, defendant appeals, inter alia, from the part of the order denying his motion with respect to those causes of action, and defendant's right to appeal from those parts of the orders terminated upon the subsequent entry of the judgment in appeal No. 4 (see Counsel Fin. II LLC v Bortnick, 214 AD3d 1388, 1389 [4th Dept 2023]; see generally CPLR 5501 [a] [1]). Nonetheless, the appeal from the judgment in appeal No. 4 brings up for review the propriety of those parts of the orders in appeal Nos. 1, 2, and 3 (see Matter of Aho, 39 NY2d 241, 248 [1976]; Counsel Fin. II LLC, 214 AD3d at 1389; see also CPLR 5501 [a] [1]). Moreover, the part of the order in appeal No. 1 that dismissed the causes of action in the third-party complaint and the part of the order in appeal No. 3 that denied defendant's motion to the extent that it sought summary judgment on his illegal eviction counterclaim do not necessarily affect the final judgment and, thus, the appeals from those parts of those orders are properly before us (see generally CPLR 5501 [a] [1]; Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1026 [2022]).
Contrary to defendant's contention in appeal No. 3, the court properly denied his motion to the extent that it sought summary judgment on his counterclaim for illegal eviction inasmuch as plaintiff's affidavit submitted in opposition to defendant's motion and in further support of her motions raises a triable issue of fact whether defendant abandoned plaintiff's premises after being served with a notice terminating his leasehold interest in that real property (see generally Smith v NGM Ins. Co., 221 AD3d 1450, 1454 [4th Dept 2023]; Bozewicz v Nash Metalware Co., 284 AD2d 288, 288 [2d Dept 2001]).
Contrary to defendant's contention in appeal No. 4, the court properly granted summary judgment to plaintiff on her cause of action for breach of the promissory note. Plaintiff met her initial burden on the motion through the submission of the promissory note and her sworn averment in an affidavit in support of the motion that defendant defaulted by failing to pay the balance due after plaintiff elected to accelerate the note in 2020 pursuant to its terms based upon defendant's insolvency and the appointment of a receiver (see Springwood Vil., LLC v Stanley Holdings LLC, 201 AD3d 1342, 1343 [4th Dept 2022]). Plaintiff was not required to disprove a statute of limitations defense in order to meet her initial burden inasmuch as defendant's answer only raised that defense with respect to plaintiff's breach of contract cause of action relating to the credit card (see generally Preferred Capital v PBK, Inc., 309 AD2d 1168, 1168 [4th Dept 2003]).
Although defendant did not submit an opposition to plaintiff's motions seeking summary judgment on her causes of action for breach of the promissory note and breach of contract concerning the credit card, he simultaneously filed his own motion for summary judgment dismissing those causes of action, and as such the court properly deemed defendant's submissions in support of his motion for summary judgment as though they were also "made in opposition to" plaintiff's motions for summary judgment (Matter of Long Beach Professional [*3]Firefighters Assn. v City of Long Beach, 214 AD3d 735, 737 [2d Dept 2023]). Nonetheless, we conclude that defendant failed to demonstrate by admissible evidence the existence of a triable issue of fact whether plaintiff accelerated the promissory note in 2009 based upon her belief that defendant had failed to make payments required under it at that time, thereby barring plaintiff's cause of action under the statute of limitations (see generally Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Specifically, defendant avers in his motion papers that he made all payments required under the promissory note, which implies that, by its terms, the promissory note could not have been accelerated for nonpayment in 2009 (see generally Wilmington Sav. Fund Socy. FSB v Deliberto, 184 AD3d 1081, 1084 [4th Dept 2020]).
Contrary to defendant's final contention in appeal No. 4, the court properly granted summary judgment to plaintiff on her cause of action for breach of contract concerning the credit card. Plaintiff met her initial burden on the motion through her averment that defendant orally agreed to pay for all of the charges on the credit card account in exchange for being allowed to use it—which defendant does not dispute—and the submission of unpaid credit card statements showing the amount due. Defendant's contention that damages should be reduced to reflect a cash back reward available on the account fails to create an issue of fact inasmuch as he is bound by his admission in plaintiff's first notice to admit, which he did not respond to, that he "agreed to pay the amount due on the credit card . . . each month" (see Danielle W. v Jentsch & Co., Inc., 217 AD3d 1472, 1474 [4th Dept 2023]). Additionally, although "the right to [statutory prejudgment] interest may be lost on equitable principles of estoppel, such as a refusal by a creditor to accept a tender" (Knab Bros. v Town of Lewiston, 58 AD2d 1016, 1017 [4th Dept 1977]; see Feldman v Brodsky, 12 AD2d 347, 350 [1st Dept 1961], affd 11 NY2d 692 [1962]), even assuming that defendant was unable to access the online account to make a payment, defendant failed to establish that he was otherwise precluded from paying the amount that he owed by another method (see Knab Bros., 58 AD2d at 1017; see generally CPLR 5001 [a]; J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012]).
Contrary to Back Hills Farm's contentions, the court properly granted third-party defendants' motion to the extent that it sought summary judgment dismissing Back Hills Farm's cause of action seeking a declaration that it has a prescriptive easement over a secondary driveway on plaintiff's property to access an adjacent parcel of land that plaintiff had leased from a public utility company until the lease was terminated in 2020. In order to acquire an easement by prescription, a party is "required to establish by clear and convincing evidence [use] that was hostile and under a claim of right; actual; open and notorious; and continuous for the required period of 10 years" (Meyers v Berl, 213 AD3d 1233, 1234 [4th Dept 2023] [internal quotation marks & emphasis omitted]; see Beutler v Maynard, 80 AD2d 982, 982 [4th Dept 1981], affd 56 NY2d 538 [1982]). "The 'hostile and under a claim of right' element . . . 'require[s] that the possession [or use] be truly adverse to the rights of the party holding record title' " (Meyers, 213 AD3d at 1234). Back Hills Farm was incorporated in 2018, and thus would only be able to satisfy the requisite statutory time period "by tacking the time that [it used] the property onto the time that [its] predecessor [used] the property" (Kopp v Rhino Room, Inc., 192 AD3d 1690, 1691 [4th Dept 2021] [internal quotation marks omitted]; see Pierce v Frost, 295 AD2d 894, 895 [4th Dept 2002]). However, third-party defendants met their initial burden on the motion by establishing that Back Hills Farm's alleged predecessor, defendant, was allowed to use the secondary driveway pursuant to his residential lease agreement, so that his use was permissive, not hostile (see City of Kingston v Knaust, 287 AD2d 57, 61 [3d Dept 2001]), and Back Hills Farm failed to raise a triable issue of fact in opposition.
We also conclude that the court properly granted third-party defendants' motion to the extent that it sought summary judgment dismissing Back Hills Farm's cause of action for tortious interference with contract based upon third-party defendants' alleged interference with contracts between Back Hills Farm and its customers for the purchase of farm products. In order to prevail on a tortious interference with contract claim, a plaintiff must establish the existence of a valid contract between it and a third party, the defendant's intentional and unjustified procurement of the third party's breach of the contract, the actual breach of the contract, and resulting damages (see Jim Ball Chrysler LLC v Marong Chrysler-Plymouth, Inc., 19 AD3d 1094, 1095 [4th Dept 2005], lv denied 5 NY3d 709 [2005]; see also Lama Holding Co. v Smith Barney, 88 NY2d 413, 424-425 [1996]). Third-party defendants met their initial burden on the motion by establishing, inter alia, that no valid contracts were executed between Back Hills Farm and its customers. In opposition, Back Hills Farm asserted that third-party defendants had induced a public utility [*4]company to breach a lease agreement, a contention that had not been made in its third-party complaint or bill of particulars. Inasmuch as "[a third-party] plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability . . . for the first time in opposition to the motion" (Cannon v Amarante, 19 AD3d 1144, 1145 [4th Dept 2005] [internal quotation marks omitted]), the court properly rejected the contention. Although Back Hills Farm had previously raised this theory of liability in a response to plaintiff's notice to admit, we note that a notice to admit is a discovery device intended "to eliminate from dispute those matters about which there can be no controversy" (Pasek v Catholic Health Sys., Inc., 195 AD3d 1477, 1477 [4th Dept 2021] [internal quotation marks omitted]), not to raise new theories of liability not originally asserted in the complaint (see generally Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]). Similarly, Back Hills Farm's contention that it has alleged a cause of action for tortious interference with precontractual relations "is raised for the first time on appeal and thus is not preserved for our review" (Remodeling Constr. Servs. v Minter, 78 AD3d 1677, 1679 [4th Dept 2010]).
With respect to Back Hills Farm's cause of action for alleged illegal eviction from a storage barn on plaintiff's property, its contention that third-party defendants failed to meet their initial burden on the motion because they did not submit a supporting affidavit from an individual with personal knowledge of the facts underlying the motion is also raised for the first time on appeal and, thus, not preserved for our review (see id.). In any event, third-party defendants met their initial burden by submitting evidentiary proof in admissible form attached to their counsel's affirmation in support of their motion (see generally Aur v Manhattan Greenpoint Ltd., 132 AD3d 595, 595 [1st Dept 2015]), which established that Back Hills Farm was not a tenant but, rather, a licensee, with respect to the barn (see Felli v Catholic Charities of Steuben County, 175 AD3d 1065, 1066 [4th Dept 2019]), and Back Hills Farm failed to raise a triable issue of fact in opposition.
Finally, with respect to Back Hills Farm's cause of action for conversion of equipment that it allegedly left in the barn, "[i]n order to succeed on a cause of action to recover damages for conversion, a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (Cretaro v Huntington, 203 AD3d 1696, 1697-1698 [4th Dept 2022] [internal quotation marks omitted]). "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand by the property's rightful owner" (Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP, 130 AD3d 1543, 1545 [4th Dept 2015] [internal quotation marks omitted]). Third-party defendants met their initial burden on their motion by establishing, inter alia, that Back Hills Farm failed to respond to plaintiff's offer to make arrangements for the return of any equipment belonging to it, and Back Hills Farm failed to raise a triable issue of fact in opposition.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court